## PEOPLE v. MERCANTILE CO-OPERATIVE BANK OF NEW YORK.

### In re POOLE.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. JUDGMENTS—RES JUDICATA—MATTERS CONCLUDED.
   Plaintiff, having been employed to represent a bank in another state, sued the bank for damages suffered in a prosecution for doing business in such state without a compliance with its laws by the bank. *Held*, that his knowledge of the illegality of his contract of employment must have been directly involved, so that a judgment against him was conclusive on that proposition on a subsequent claim by him against the bank for damages for terminating a similar contract of employment.

2. CONTRACTS—ILLEGALITY—BREACH.
   If a party, agreeing to represent a bank in another state, knows that his agreement is illegal, because the bank is not entitled to do business in such state, he can recover no damages for its breach.

3. CORPORATIONS—OFFICERS—CONTRACTS.
   Plaintiff conveyed land to a bank, and subscribed for stock; the bank agreeing that in consideration of a certain sum, payable in installments, equaling the dues on plaintiff's stock, it would reconvey the land. At the same time the bank paid plaintiff $10,000, which he loaned to N., the bank's president, who gave to plaintiff his personal bond, conditioned on the payment by him of said installments. The bank received no benefit from the $10,000. *Held*, that plaintiff had no claim against the bank for said loan, or for damages for failure in payment of the installments, but his remedy was on N.'s bond.

4. SAME—RATIFICATION.
   A subsequent resolution by the bank's directors to indemnify N. from loss on his undertaking was without consideration, and gave plaintiff no right.

Appeal from Special Term, Kings County.

Proceedings by the people against the Mercantile Co-operative Bank of New York. From an order affirming the referee's report, and overruling exceptions by Henry D. Poole to a denial of his claim against the bank, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Philip Carpenter, for appellant.

W. E. Kisselburgh, Jr. (H. Louis Jacobson, on the brief), for respondents.

MILLER, J. Two items of the appellant's claim disallowed by the referee are presented for consideration on this appeal. The first item is for damages for breach of a contract between the defendant bank and the claimant made on the 8th day of January, 1904, whereby the claimant was appointed resident manager of said defendant in Union county, N. J., and given the exclusive right to sell its stock and conduct its business in said county. It appeared that in March, 1894, the relations created by said agreement were terminated by said defendant. It also appeared that at the time of the making of said contract said defendant had no right to do business in the state of New Jersey, not having complied with the laws of that state to enable it so to do. The claimant, by the contract, for the breach of which damages are claimed, engaged to do that which was unlawful, and which, by the laws of New Jersey, subjected him to an action for penalties, and in fact he was prosecuted for business which he transacted in said state for the defendant bank under a parol contract of employment prior to the making of said written agreement. The claimant subsequently brought an action in the Supreme Court of this state against the defendant bank, in which he alleged said parol contract of employment, and a representation and agreement on the part of said defendant that it had complied with the laws of the state of New Jersey in respect to the conditions necessary to enable it to do business in said state, and other appropriate allegations by which he sought to recover damages on account of the prosecutions instituted against him in the state of New Jersey, occasioned by reason of the falsity of said alleged representations and breach of said alleged agreement. The judgment in that action, entered upon the verdict of a jury, in favor of the defendant, would seem to be an adjudication of the matters therein determined. The claimant in this proceeding seeks to recover damages for breach of a contract, performance of which was unlawful. His knowledge of the illegality of the contract must have been directly involved in the action brought by him to recover damages, and the judgment against him is conclusive upon that proposition. If it is possible for a party in any case to recover damages for the breach of an illegal contract, it certainly is not possible where he has knowledge at the time of making the contract of its illegality.

The second item is for the sum of $10,000 alleged to have been loaned by the claimant to said defendant bank, or, in the alternative, $16,458.34 damages for the breach of an alleged contract on the part of said defendant bank to pay the dues on 300 shares of its stock held by the claimant. As to this item the evidence discloses that on the 8th day of January, 1894, the claimant executed to the defendant bank a deed of certain real property situate in the state of New Jersey, which the claimant asserts was worth $15,000; that on the same day the claimant subscribed for 300 shares of stock of a certain class of the defendant bank, and the defendant bank executed an agreement to the plaintiff whereby, in consideration of the sum of $13,860, agreed to be paid in monthly installments of $111, which was the amount of the dues, interest, and

premium on said 300 shares of stock, it agreed to reconvey said property. At the same time the defendant bank paid to the claimant the sum of $10,000, which he in turn immediately paid to one John W. Newbery, who was the president of the bank, and who gave back his personal bond, conditioned upon the payment by him of said monthly installments of $111. Said dues were not paid, by reason of which the claimant alleges that he lost his property. The claimant's theory is that said Newbery represented the defendant bank, that in fact the said $10,000 was obtained by him for the benefit of the bank, and that it was liable on his personal agreement to pay the monthly dues. He admitted that he supposed Newbery was short in his account with the bank, and that a portion of the $10,000, at least, was desired to make good such shortage; and it does not appear that the defendant bank received any benefit whatever from the $10,000 loaned by the claimant to Newbery, except possibly by way of such shortage being made good. It is very clear that the agreement for breach of which the claimant seeks to recover in this proceeding was the personal agreement of said Newbery, and that the defendant bank could not be made liable for its breach, notwithstanding the resolution subsequently passed by the board of directors, proposing to indemnify said Newbery from loss on his undertaking with the claimant, which could have had no more force than a resolution to make him a present of the amount of money specified in it. Upon the proofs, the claimant's remedy is against Newbery on his bond.

The findings of the referee are fully supported by the evidence, and the order confirming the referee's report and overruling the appellant's exceptions must be affirmed, with costs. All concur.